```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY

JOHN E. GROFF, SR.,               :   Civil Action No. 05-780(NLH)
        Plaintiff,                :
                                  :
    v.                            :   OPINION
                                  :
CITY OF CAMDEN,                   :
CITY OF CAMDEN POLICE             :
DEPARTMENT and SEAN MILLER,       :
        Defendants.               :
```

**APPEARANCES:**

Richard M. Wiener, Esquire
Villari, Brandes & Kline, P.C.
One Greentree Centre
Suite 201
Marlton, NJ 08053
    *Attorney for Plaintiff*

Felix P. Gonzalez, Esquire
Office of the Camden City Attorney
City Hall - 4th Floor - Suite 419
520 Market Street
Po Box 95120
Camden, NJ 08101-5120
    *Attorney for Defendants*

**HILLMAN**, District Judge

This matter has come before the Court on the motion of Defendants City of Camden and City of Camden Police Department for summary judgment in their favor on Plaintiff's claims against them. For the reasons expressed below, Defendants' motion will be granted.

## BACKGROUND

Plaintiff, John E. Groff, Sr., filed a four count Complaint against Defendants City of Camden, City of Camden Police Department, and Camden Police Officer Sean Miller, seeking

damages resulting from a motor vehicle stop.  Plaintiff claims that Defendant Miller pulled over his vehicle, and Miller, without reason, threw him to the ground, twisted his arm, and beat him about the head and neck.  As a result, Plaintiff alleges that he suffered injuries, some permanent, to his head, neck, back, right leg, right fingers, hand, wrist and shoulders.

Plaintiff's first count alleges that "Defendants were palpably negligent in causing plaintiff to sustain his personal injuries."  (Compl. Count One, ¶ 7.)  His second count alleges that Defendant Miller "intentionally assaulted plaintiff with intent to cause bodily injury."  (Compl. Count Two, ¶ 2.) Plaintiff's third count alleges that Defendant Miller, acting "under the color of law, injured plaintiff and thereby caused a deprivation of plaintiff's rights and privileges as secured by the U.S. Constitution."  (Compl. Count Three, ¶ 2.)  Plaintiff's fourth count alleges that Defendant Miller "used excessive force against plaintiff, causing injuries to plaintiff and thereby caused a deprivation of plaintiff's" constitutional rights. (Compl. Count Four, ¶ 2.)

Defendants City of Camden and City of Camden Police Department have moved for summary judgment on Plaintiff's claims against them, and they have advanced three arguments.  First, Defendants argue that the City of Camden Police Department is not a proper party to the action.  Second, Plaintiff has not asserted

2

a viable claim as to the City of Camden's liability for the alleged violation of Plaintiff's constitutional rights.  Third, Plaintiff cannot maintain a claim as to the City of Camden's liability for the alleged actions of Officer Miller.

Plaintiff has conceded Defendants' first argument.  He has contested, however, Defendants' other two reasons for summary judgment.

## DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence;

3

instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**B.   Analysis**

   **1.   *Plaintiff's constitutional violation claims against the City of Camden and City of Camden Police Department***

As a primary matter, a municipality and its police department are a single entity for the purposes of § 1983 liability. Boneberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997). Thus, as Defendants point out and Plaintiff agrees, the City of Camden, and not the City's police department,

4

is the proper defendant for Plaintiff's § 1983 claims.

With regard to Plaintiff's claim that the City of Camden violated Plaintiff's constitutional rights, the City argues that because Plaintiff has not conducted any discovery on any policy or custom of the City, and establishing that Defendant Miller's actions were the result of a policy or custom of the City is a necessary element for a municipality's liability under § 1983, Plaintiff's claim must fail.  Plaintiff argues, however, that his "expert in police training, practices and procedures" believes that Defendant Miller's use of a compliance hold violated the generally accepted practices and procedures for professional police officers, and that the City of Camden failed to properly train Miller in the proper use of a compliance hold.[1]

Even though the City presents its argument for the dismissal of Plaintiff's § 1983 claim in the context of Plaintiff's inability to establish such a policy or custom, it must be dismissed for a more basic reason.  As both parties agree, liability under § 1983 may be imposed on municipalities where acts of the government employee are deemed to be the result of a policy or custom of the municipality for whom the employee works. See Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691 (1978); Natale v. Camden County Correctional Facility, 318

---

[1]Other than this conclusory statement, Plaintiff has not provided the Court with any record evidence that he has retained an expert, or what the expert will testify to.

5

F.3d 575, 583-84 (3d Cir. 2003).  In cases where the plaintiff alleges that the municipality failed to properly train the employee, the municipality can be liable under § 1983 if the failure to train constitutes "deliberate indifference" to the rights of persons with whom the police come into contact; mere negligence to adequately train is not enough.  <u>Malignaggi v. County of Gloucester</u>, 855 F. Supp 74, 7 (D.N.J. 1994). Generally, "where a plaintiff seeks to establish liability based on a supervisor's (or municipality's) failure to train or supervise adequately, the plaintiff must show that a need for more or different training or supervision is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train or supervise can fairly be said to represent official policy."  <u>Calhoun v. Vicari</u>, No. 05-4167, 2005 WL 2372870, at *3 (D.N.J. Sept. 26, 2005)(relying on <u>City of Canton v. Harris</u>, 489 U.S. 378, 388-92 (1989)).

 Here, the problem with Plaintiff's § 1983 claim against the City is that Plaintiff has not actually asserted such a claim. None of the four counts in Plaintiff's Complaint allege that the City failed to properly train Miller.  The only count asserted against the City is the first one, which alleges that the City was "palpably negligent in causing plaintiff to sustain his personal injuries."  Even if Plaintiff intended for this claim to assert a § 1983 claim against the City, it would be insufficient

6

because the City could only be liable under § 1983 if the failure to train constituted deliberate indifference, which is more than mere negligence--it is a state of mind equivalent to reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).[2]

Correspondingly, insufficiencies in Plaintiff's claims as pled cannot be cured by a brief submitted in opposition to Defendants' motion.  Rather, the mechanism for curing pleading deficiencies is to file a formal motion for leave to amend pursuant to Fed. R. Civ. P. 15(a).  See Ranke v. Sanofi-

---

[2] In order to bring a claim of failure to train, a plaintiff must: "(1) identify the deficiency; (2) prove that the deficiency caused the alleged constitutional violation; and (3) prove that the failure to remedy the deficiency reflected deliberate indifference on the part of the municipality." Malignaggi, 855 F. at 77 (citing Canton, 489 U.S. at 391; Colburn v. Upper Darby Township, 946 F.2d 1017 (3d Cir. 1991)).  Even if Plaintiff's Complaint could be construed as asserting a § 1983 claim against the City, Plaintiff has not provided any evidence to support any of these elements.  First, Plaintiff's only "proof" of the identity of the deficiency--failure to train the proper use of the compliance hold--is his conclusory statement in his opposition brief that an expert will testify to this deficiency.  As was noted earlier, Plaintiff has not provided any documents evidencing who his expert is or what his expert will testify to.  Second, even if Plaintiff did have such an expert who would testify to such a deficiency, and accepting that the deficiency is a constitutional violation, Plaintiff has failed to provide any evidence that the City's failure to remedy the deficiency constituted deliberate indifference.  It is black letter law that in order to survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party, and it must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

7

Synthelabo, Inc., 436 F.3d 197, 206 (3d Cir. 2006)(upholding the district court's dismissal of plaintiffs' complaint because plaintiffs did not file a formal motion for leave to amend and stating that if plaintiffs "had been in possession of facts that would have augmented their complaint and possibly avoided dismissal, they should have pled those facts in the first instance").  Plaintiff, however, has not filed such a motion. Consequently, Defendants' motion must be granted.

### 2. *Plaintiff's state law claims against the City of Camden and City of Camden Police Department*

With regard to the substance of Plaintiff's state law claim against the City, again, Plaintiff's only claim against the City is that it was "palpably negligent in causing plaintiff to sustain his personal injuries."  Evidently, the City has construed this claim to mean that Plaintiff is alleging that the City is responsible for Miller's allegedly intentional conduct. In his opposition brief, Plaintiff agrees.  But, Plaintiff interprets this claim to also allege that the City is directly liable for negligent training.  Under either interpretation, Plaintiff's claim must fail.[3]

---

[3] A pleading is sufficient if it provides fair notice of what the plaintiff's claim is and the grounds upon which it rests. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984).  Because Defendant did not move to dismiss this claim pursuant to Rule 12(b)(6), it is apparent that Plaintiff's claim provided Defendant with the proper notice.  It is only here at the summary judgment stage that it appears that Plaintiff had an additional ground for his claim.

8

As a primary matter, any state law tort claims alleged against the police department must be dismissed for the same reasons as the constitutional claim. See N.J.S.A. 40A:14-118 (stating that New Jersey police departments are "an executive and enforcement function of municipal government").

With regard to Plaintiff's claim that the City is liable for Miller's allegedly intentional conduct, the City argues that this claim should be dismissed because they have immunity under the New Jersey Tort Claims Act. The NJTCA provides, "A public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." N.J.S.A. 59:2-10. The Comment to this section explains,

> This provision recognizes the existing law and public policy that a public entity should not be vicariously liable for such conduct of its employees. In addition it adopts the concept noted in *O'Connor v. Harms,* et al., 111 N.J.Super. 22, 26-27, 266 A.2d 605 (App. Div. 1970) that: "a public corporation such as a city or other public body, by reason of its being an artificial legal entity created by law to perform limited governmental functions, cannot entertain malice, as a public corporation."

Id.

Plaintiff's claim alleging that the City is liable for Miller's conduct fails as a matter of law because Plaintiff's characterization in his Complaint of Miller's actions satisfies the "willful misconduct" requirement for the City's immunity

9

under the NJTCA.  "Willful misconduct requires 'much more' than mere negligence," and it falls "somewhere on the continuum between simple negligence and the intentional infliction of harm."  Alston v. City of Camden, 773 A.2d 693, 702 (N.J. 2001) (citations omitted).  Plaintiff alleges that Miller "intentionally assaulted" him "by throwing [him] to the ground and beating him."  (Compl. ¶¶ 2,3, Count Two.)  Plaintiff also contends that Miller's use of force was severe enough to violate his constitutional rights.  (Id. ¶ 2, Counts Three and Four.)  These allegations assert much more than mere negligence.  Consequently, for the purposes of determining the City's immunity, Plaintiff's allegations support that Miller engaged in willful misconduct, and, therefore, this claim must be dismissed.[4]

    With regard to Plaintiff's claim that the City is liable for the negligent training of Miller, and thus implying that Miller's conduct was negligent due to his improper training,[5] Plaintiff's

---

[4]With respect to public entities, "the Act was clearly intended to reestablish a system in which immunity is the rule, and liability the exception."  "When both liability and immunity appear to exist, the latter trumps the former."  Fielder v. Stonack, 661 A.2d 231, 238-39 (N.J. 1995).

[5]The Court notes that it appears that Plaintiff wishes to characterize Miller's conduct as intentional and excessive for the purposes of some of his claims, but for his claim against the City, he wishes to characterize the identical conduct as merely negligent.  Because Plaintiff's claims against Miller are still active, the Court makes no comment on this dual interpretation.

10

claim fails because, as the Court explained above in analyzing his claim under federal law, he has not met his burden to defeat summary judgment.  Not only has he not specifically alleged such a claim, he has not provided any evidence to support such a claim.  In order to survive a motion for summary judgment, the nonmoving party must do more than just rest upon mere allegations, general denials, or vague statements.  Consequently, to the extent that Plaintiff's Complaint could be construed as asserting a state law negligent training claim against the City, it must fail as well.

## **CONCLUSION**

For the foregoing reasons, Defendants are entitled to summary judgment on Plaintiff's claims against them.  An appropriate Order will be entered.


Dated: August 10, 2007             s/ Noel L. Hillman

At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.